FILED

AUG 10 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TERRY DOUBT,

        Plaintiff - Appellant,

v.

NCR CORPORATION,

        Defendant - Appellee.

No. 14-16530

D.C. No. 4:09-cv-05917-SBA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Saundra Brown Armstrong, District Judge, Presiding

Argued and Submitted July 8, 2016
San Francisco, California

Before: BERZON and N.R. SMITH, Circuit Judges and CHRISTENSEN,[**] Chief
District Judge.

    Plaintiff Terry Doubt appeals from the district court's grant of summary

judgment to Defendant NCR Corporation. We have jurisdiction pursuant to 28

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Dana L. Christensen, Chief District Judge for the U.S.
District Court for the District of Montana, sitting by designation.

U.S.C. § 1291, and we affirm. As the parties are familiar with the facts, we do not recount them here.

1.    The district court did not err in granting summary judgment to NCR on Doubt's claim for age discrimination on the basis of disparate treatment. Doubt's disparate treatment claim fails because he failed to produce any evidence of intentional discrimination on the basis of age. *Guz v. Bechtel Nat'l Inc.*, 8 P.3d 1089, 1113 n.20 (Cal. 2000).

2.    Doubt failed to meet his burden to defeat summary judgment for NCR on his claim for age discrimination on the basis of disparate impact. Pursuant to the California Fair Employment and Housing Act ("FEHA"), courts are instructed to "interpret the state's statutes prohibiting age discrimination in employment broadly and vigorously . . . , and with the goal of . . . protecting older workers as a group . . . ." Cal. Gov't Code § 12941. Notably, California makes clear that "the use of salary as the basis for differentiating between employees when terminating employment may be found to constitute age discrimination if use of that criterion adversely impacts older workers as a group[.]" *Id.*

Doubt argues that he was terminated because NCR no longer wanted to pay his salary. However, he did not offer any statistical evidence raising an inference that NCR's cost-cutting employment practices caused adverse employment

outcomes for workers over forty. *See Life Techs. Corp. v. Super. Ct.*, 130 Cal. Rptr. 3d 80, 87–88 (Cal. Ct. App. 2011) (citations omitted). To support his claim, Doubt states that he was terminated but that four younger workers who performed similarly were not. These four younger workers were not similarly situated to Doubt, and they seem to have been hand-selected from a much larger pool of workers for no reason except to support Doubt's argument. Doubt also asserts that all of the employees in his position who were terminated during a ten-month period were over the age of forty, but he offers no explanation for analyzing only that particular ten-month time period. Additionally, his analysis does not consider the workers over the age of forty subsequently hired by NCR. Doubt's gerrymandered data sets do not adequately support his disparate impact claim.

3. The district court appropriately granted summary judgment to NCR on Doubt's claim for retaliatory discharge. Doubt argues that "he engaged in a protected activity" either by working overtime or by complaining about his working conditions. *Flait v. N. Am. Watch Corp.*, 4 Cal. Rptr. 2d 522, 528 (Cal. Ct. App. 1992). However, he produced no evidence of the necessary "causal link" between either activity and his termination, and his claim fails. *Id.*

4. Nor did the district court err in granting summary judgment to NCR on Doubt's claim for breach of implied contract. Doubt claims that NCR could

terminate him only for good cause. Under California law, in the absence of an express agreement, employment is presumed to be at-will. *Guz*, 8 P.3d at 1100; Cal. Lab. Code § 2922. Doubt offered no evidence that NCR terminated employees exclusively for cause, and he failed to rebut the presumption of at-will employment.

5.     Finally, Doubt failed to meet his burden to defeat summary judgment on his claim for breach of the implied covenant of good faith and fair dealing. Because Doubt has no claim for breach of contract, his claim necessarily fails. *See Foley v. Interactive Data Corp.*, 765 P.2d 373, 400 n.39 (Cal. 1988). The district court did not err in finding that NCR was entitled to summary judgment on all claims.

6.     Doubt's appeal from the district court's denial of discovery sanctions is without merit. The district court did not abuse its discretion in denying both entry of judgment (which is extreme) and remand to the state court (which is legally unsupportable) when NCR's failure to comply with the requirements of discovery was at least partially attributable to Doubt's overreaching.

7.     Because we affirm the grant of summary judgment, we do not consider Doubt's argument for reassignment on remand.

8.     As a final matter, we note that waiver would also have been an appropriate ground for granting summary judgment to NCR. Doubt's brief in opposition to

summary judgment was woefully inadequate, containing only two pages of cursory legal argument on eight causes of action. Given the extreme deficiencies of Doubt's brief, the district court's ability and willingness to address the merits of the case is commendable.

**AFFIRMED.**